UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



## <u>NOTICE TO COUNSEL</u>

The attached Conference and Scheduling Order contains a number of important changes required by recent amendments to the Federal Rules of Civil Procedure, effective December 1, 2000.  Additional amendments became effective August 1, 2001.

Counsel should carefully review the Order and <u>note all deadlines on a calendaring system.</u>

Counsel should also review the referenced rules and become familiar with these significant changes.

The amended Local Civil Rules for the District of South Carolina are available at:

www.scd.uscourts.gov.

s/ Margaret B. Seymour
United States District Judge

June 1, 2010
Columbia, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**CHARLESTON**  DIVISION

| | | |
|---|---|---|
| Schweitzer-Mauduit International Inc) | | C/A No. **2:10-293-MBS** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **CONFERENCE AND** |
| | ) | **SCHEDULING ORDER** |
| Astra Tobacco Corp et al | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.  Discovery may begin upon receipt of this order.

1.     A conference of the parties  pursuant to Fed.R.Civ.P. 26(f) shall be held no later than **June 21, 2010**.[1]  At conference the parties shall confer concerning all matters set forth in Fed.R.CivP. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2.     No later than  **July 6, 2010**  the required initial disclosures under Fed.R.Civ.P. 26(a)(1) shall be made.[3]

3.     No later than  **July 6, 2010**  the parties shall file a Rule 26(f) Report in the form attached to this order.  Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4.     Motions to join other parties and amend the pleadings (Fed.R.Civ.P.16(b)(1)) shall be filed no later than **July 27, 2010**.

---

[1]Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2]The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge.  See attached Notice of Availability of United States Magistrate Judge.

[3]Pursuant to Fed.R.Civ.P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures.  If such a stipulation is made, it shall be confirmed in writing between the parties.  See Fed.R.Civ.P. 29 and Local Civil Rule 29.01.

C/A **2:10-293-MBS**
Conference and Scheduling Order; Page 2

5.    Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties  by **August 26, 2010**.

6.    Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **September 27, 2010**.

7.    Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **September 27, 2010**.  Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure.  (See Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8.    Discovery shall be completed no later than **November 24, 2010**.  All discovery requests shall be served in time for the responses thereto to be served by this date.  De bene esse depositions must be completed by discovery deadline.  No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

9.    Motions in limine must be filed at no later than **March 7, 2011**.

10.   All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed.R.Civ.P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **December 9, 2010**. (Fed.R.Civ.P.16(b)(2)).

11.   Mediation, pursuant to Local Civil Rules 16.03 - 16.11, shall be completed in this case on or before **February 7, 2011**.  See Mediation Order filed this date which sets forth mediation requirements.  At least thirty (30) days prior to this mediation deadline, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the Mediation Order; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

C/A **2:10-293-MBS**
Conference and Scheduling Order; Page 3

12.    No later than **February 22, 2011** the parties shall file and exchange Fed.R.Civ.P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed.R.Civ.P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed.R.Civ.P. 32(a)(4).

13.    Parties shall furnish the Court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[4] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

14.    This case is subject to being called for jury selection and/or trial on or after **March 28, 2011**.


s/ Margaret B. Seymour
United States District Judge


Dated: **June 1, 2010**

Columbia, South Carolina

Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

---

[4]Requirements for cases assigned to Judge Seymour as to submission/filing of pretrial briefs can be found at www.scd.uscourts.gov.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
**CHARLESTON** DIVISION

| | | |
|---|---|---|
| Schweitzer-Mauduit International Inc | ) | CA **2:10-293-MBS** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **RULE 26(f) REPORT** |
| -versus- | ) | |
| | ) | |
| Astra Tobacco Corp et al | ) | |
| | ) | |
| Defendants. | ) | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____    We agree that the schedule set forth in the Conference and Scheduling Order filed **June 1, 2010** is appropriate for this case. The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.

_____    We agree that the schedule set forth in the Conference and Scheduling Order filed **June 1, 2010** requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use format of the Court's standard scheduling order attached hereto). The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.

_____    We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached. The information required by Local Civil Rule 26.03 is also attached.

(SIGNATURE PAGE ATTACHED)

|  PLAINTIFF(S)  |  DEFENDANT(S)  |
|---|---|

_____

*Signature of Plaintiff's Counsel*

_____

*Printed Name of Plaintiff's Counsel
and Party Represented*

_____

*Signature of Plaintiff's Counsel*

_____

*Printed Name of Plaintiff's Counsel
and Party Represented*

_____

*Signature of Plaintiff's Counsel*

_____

*Printed Name of Plaintiff's Counsel
and Party Represented*

_____

*Signature of Plaintiff's Counsel*

_____

*Printed Name of Plaintiff's Counsel
and Party Represented*

*Dated:* _____

_____

*Signature of Defendant's Counsel*

_____

*Printed Name of Defendant's Counsel
and Party Represented*

_____

*Signature of Defendant's Counsel*

_____

*Printed Name of Defendant's Counsel
and Party Represented*

_____

*Signature of Defendant's Counsel*

_____

*Printed Name of Defendant's Counsel
and Party Represented*

_____

*Signature of Defendant's Counsel*

_____

*Printed Name of Defendant's Counsel
and Party Represented*

*Dated:* _____

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

## UNITED STATES DISTRICT COURT

#### District of South Carolina

| | |
|---|---|
| Schweitzer-Mauduit International Inc, Plaintiff<br><br>v.<br><br>Astra Tobacco Corp et al, Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE<br><br>Case Number: **2:10-293-MBS** |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all further proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to The Honorable _____, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73.

| | |
|---|---|
| _____<br>Date | _____<br>United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON  DIVISION**

Schweitzer-Mauduit International Inc          )
                                             )
                                             )
          **Vs.**                            )          **C/A No. 2:10-293-MBS**
                                             )
                                             )          **ORDER TO CONDUCT MEDIATION**
Astra Tobacco Corp et al                     )
                                             )
_____             )

A mediation is to be completed in this matter in accordance with the time limits set forth in the scheduling order issued in this case. Upon completion of the mediation, counsel shall advise the court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority[1] are ORDERED to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 DSC.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408, Local Rule 16.08(c) DSC, and Federal Rule of Civil Procedure 68. If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, see Local Rules 16.08(c) and 16.10 (h) DSC, except as allowed by Local Rule 26.05(f) DSC.

_____

[1]"Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.

If any reason exists why any person, party or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately.

Notices have been mailed to all counsel of record and any *pro se* parties. Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

**AND IT IS SO ORDERED**.

s/ Margaret B. Seymour
United States District Judge

June 1, 2010
Columbia, South Carolina