**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| SCHWEITZER-MAUDUIT INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>ASTRA TOBACCO CORPORATION,<br>DELFORTGROUP AG,<br>JULIUS GLATZ GMBH, and<br>LIPTEC GMBH,<br><br>Defendants. | Civil Action No. 2:10-cv-00293-RMG<br><br>Jury Trial Demanded |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1.     Plaintiff, Schweitzer-Mauduit International, Inc. ("Schweitzer"), for its Second Amended Complaint against Defendants, Astra Tobacco Corporation, delfortgroup AG, Julius Glatz GmbH, and LIPtec GmbH (collectively, "Defendants"), alleges as follows.

<u>THE PARTIES</u>

2.     Plaintiff, Schweitzer, is a Delaware corporation with its principal place of business at 100 North Point Center East, Suite 600, Alpharetta, Georgia 30022.

3.     On information and belief, Defendant Astra Tobacco Corporation ("Astra") is a North Carolina corporation with its principal place of business at 141 Providence Road, Suite 100, Chapel Hill, North Carolina 27514. Defendant Astra's principal office mailing address is P.O. Box 3491, Chapel Hill, North Carolina 27515.

4. On information and belief, Defendant delfortgroup AG ("Delfort") is a privately owned foreign company with its principal place of business at Fabrikstrasse 20, 4050 Traun, Austria.

5. On information and belief, Defendant LIPtec GmbH ("LIPtec") is a privately owned foreign company with its principal place of business at Staatstraße 37, 67468 Neidenfels, Federal Republic of Germany.

6. On information and belief, Defendant Julius Glatz GmbH ("Julius Glatz") is a privately owned foreign company with its principal place of business at Staatstraße 37-41, 67468 Neidenfels, Federal Republic of Germany.

## NATURE OF ACTION

7. This is an action arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.* for Defendants' infringement of one or more claims of Schweitzer's United States Patent Nos. 6,725,867 (the "'867 patent") and 5,878,753 (the "'753 patent").

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction exists over Defendants because they do business in South Carolina and infringing acts have occurred here.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

THE PATENTS-IN-SUIT

11.     Plaintiff Schweitzer is the owner of all right, title, and interest in United States Patent No. 6,725,867, entitled "Process For Producing Smoking Articles With Reduced Ignition Proclivity Characteristics and Products Made According to Same."  The '867 patent was duly and properly issued by the United States Patent and Trademark Office on April 27, 2004.  A copy of the '867 patent is attached hereto as Exhibit A.

12.     Plaintiff Schweitzer is the owner of all right, title, and interest in United States Patent No. 5,878,753, entitled "Smoking Article Wrapper for Controlling Ignition Proclivity of a Smoking Article Without Affecting Smoking Characteristics."  The '753 patent was duly and properly issued by the United States Patent and Trademark Office on March 9, 1999.  A copy of the '753 patent is attached hereto as Exhibit B.

INFRINGEMENT

13.     Plaintiff repeats and realleges each of the allegations of paragraphs 1 through 12 as if completely set forth herein.

Count I:  Infringement of the Patents-in-Suit by Astra

14.     On information and belief, Defendant Astra, itself and through its predecessors in interest, has infringed and continues to infringe at least one claim of each of the '867 and '753 patents by:  (a) making, using, offering to sell, or selling within the United States, or importing into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying

a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 cm$^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; (b) inducing others to make, use, offer to sell, or sell within the United States, or import into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 cm$^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; and/or (c) contributing to the making, use, offer for sale, or sale within the United States, or import into the United States, of products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition

proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 cm$^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction.

15.     On information and belief, Defendant Astra has had notice of its infringement of the '867 and '753 patents at least as early as the filing of the First Amended Complaint in this action.

16.     Plaintiff Schweitzer has been damaged by the infringement of the '867 and '753 patents by Defendant Astra and will continue to be damaged by such infringement.

17.     On information and belief, damages may not be adequate to compensate Plaintiff Schweitzer for Defendant Astra's infringement.

Count II:  Infringement of the Patents-in-Suit by Delfort

18.     On information and belief, Defendant Delfort, itself and through its predecessors in interest, has infringed and continues to infringe at least one claim of each of the '867 and '753 patents by:  (a) making, using, offering to sell, or selling within the United States, or importing into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta

and a Burn Mode Index of less than about 8 cm$^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; (b) inducing others to make, use, offer to sell, or sell within the United States, or import into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following: (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 cm$^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; and/or (c) contributing to the making, use, offer for sale, or sale within the United States, or import into the United States, of products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following: (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 cm$^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability

defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction.

19.     On information and belief, Defendant Delfort has had notice of its infringement of the '867 and '753 patents at least as early as the filing of the First Amended Complaint in this action.

20.     Plaintiff Schweitzer has been damaged by the infringement of the '867 and '753 patents by Defendant Delfort and will continue to be damaged by such infringement.

21.     On information and belief, damages may not be adequate to compensate Plaintiff Schweitzer for Defendant Delfort's infringement.

Count III:  Infringement of the Patents-in-Suit by LIPtec

22.     On information and belief, Defendant LIPtec, itself and through its predecessors in interest, has infringed and continues to infringe at least one claim of each of the '867 and '753 patents by:  (a) making, using, offering to sell, or selling within the United States, or importing into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 $cm^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the

permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; (b) inducing others to make, use, offer to sell, or sell within the United States, or import into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following: (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 $cm^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; and/or (c) contributing to the making, use, offer for sale, or sale within the United States, or import into the United States, of products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following: (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 $cm^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete

areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction.

23.    On information and belief, Defendant LIPtec has had notice of its infringement of the '867 and '753 patents at least as early as the filing of the First Amended Complaint in this action.

24.    Plaintiff Schweitzer has been damaged by the infringement of the '867 and '753 patents by Defendant LIPtec and will continue to be damaged by such infringement.

25.    On information and belief, damages may not be adequate to compensate Plaintiff Schweitzer for Defendant LIPtec's infringement.

<u>Count IV:  Infringement of the Patents-in-Suit by Julius Glatz</u>

26.    On information and belief, Defendant Julius Glatz, itself and through its predecessors in interest, has infringed and continues to infringe at least one claim of each of the '867 and '753 patents by:  (a) making, using, offering to sell, or selling within the United States, or importing into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 $cm^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum

zero permeability reduction to a maximum permeability reduction; (b) inducing others to make, use, offer to sell, or sell within the United States, or import into the United States, products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 $cm^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction; and/or (c) contributing to the making, use, offer for sale, or sale within the United States, or import into the United States, of products or processes that practice the inventions claimed in the '867 and '753 patents, including, but not limited to, reduced ignition proclivity cigarette paper wrappers having one or more of the following:  (i) a paper web having a permeability from about 60 to about 110 Coresta; (ii) discrete areas of reduced permeability that have been formed by applying a film-forming composition, said discrete areas having a permeability within a predetermined range sufficient to reduce ignition proclivity, said permeability being less than about 20 Coresta and a Burn Mode Index of less than about 8 $cm^{-1}$ within the treated areas; and (iii) said discrete areas of reduced permeability defining a gradually decreasing permeability such that the permeability reduction in said discrete areas gradually increases from a minimum zero permeability reduction to a maximum permeability reduction.

27.     On information and belief, Defendant Julius Glatz has had notice of its infringement of the '867 and '753 patents at least as early as the filing of the First Amended Complaint in this action.

28.     Plaintiff Schweitzer has been damaged by the infringement of the '867 and '753 patents by Defendant Julius Glatz and will continue to be damaged by such infringement.

29.     On information and belief, damages may not be adequate to compensate Plaintiff Schweitzer for Defendant Julius Glatz's infringement.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Schweitzer, respectfully requests the following relief:

a.      The entry of judgment in its favor;

b.      The entry of judgment against Defendant Astra declaring that Astra has infringed one or more claims of each of the '867 and '753 patents under 35 U.S.C. § 271 and that Astra's infringement has been deliberate;

c.      The entry of judgment against Defendant Delfort declaring that Delfort has infringed one or more claims of each of the '867 and '753 patents under 35 U.S.C. § 271 and that Delfort's infringement has been deliberate;

d.      The entry of judgment against Defendant LIPtec declaring that LIPtec has infringed one or more claims of each of the '867 and '753 patents under 35 U.S.C. § 271 and that LIPtec's infringement has been deliberate;

e.      The entry of judgment against Defendant Julius Glatz declaring that Julius Glatz has infringed one or more claims of each of the '867 and '753 patents under 35 U.S.C. § 271 and that Julius Glatz's infringement has been deliberate;

f.  The entry of preliminary and permanent injunctive relief enjoining Defendant Astra, its officers, directors, agents, employees, successors and assigns, and any persons acting in concert or privity with Astra, from infringing the '867 and '753 patents.

g.  The entry of preliminary and permanent injunctive relief enjoining Defendant Delfort, its officers, directors, agents, employees, successors and assigns, and any persons acting in concert or privity with Delfort, from infringing the '867 and '753 patents.

h.  The entry of preliminary and permanent injunctive relief enjoining Defendant LIPtec, its officers, directors, agents, employees, successors and assigns, and any persons acting in concert or privity with LIPtec, from infringing the '867 and '753 patents.

i.  The entry of preliminary and permanent injunctive relief enjoining Defendant Julius Glatz, its officers, directors, agents, employees, successors and assigns, and any persons acting in concert or privity with Julius Glatz, from infringing the '867 and '753 patents.

j.  The entry of judgment that this is an exceptional case under 35 U.S.C. § 285;

k.  An award to Schweitzer of damages adequate to compensate for Defendants' infringement, including an award of prejudgment and post judgment interest, trebled or increased in such other amount as the Court shall deem appropriate on a finding of willful infringement;

l.  An award to Schweitzer of its costs and disbursements in this action, including its attorneys' fees; and

m.  Such other relief as the Court deems proper.

DEMAND FOR JURY TRIAL

Plaintiff, Schweitzer, demands trial by jury on all issues triable of right by a jury.

Date: September 8, 2010

Respectfully submitted,

/s/ *Henry B. Smythe*

Henry B. Smythe, Jr. (Fed. ID No. 4226)
David B. McCormack (Fed. ID No. 2774)
Buist Moore Smythe McGee P.A.
P.O. Box 999
Charleston, South Carolina  29402
Telephone:  843-720-4607
Facsimile:  843-723-7398
Hsmythe@buistmoore.com

John J. Normile (admitted *pro hac vice*)
Lynda Q. Nguyen (admitted *pro hac vice*)
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  212-326-3777
Facsimile:  212-755-7306
jjnormile@jonesday.com

*Attorneys for Plaintiff.*